CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/25/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

ERICA SHARON LIGHTFOOT,

          *Plaintiff*,

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

          *Defendant*.

CASE NO. 6:17-cv-00032

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on the parties' cross motions for summary judgment (dkts. 14, 16), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 18, hereinafter "R&R"), and Plaintiff's Objections to the R&R (dkt. 20, hereinafter "Objections"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou's R&R advised this Court to deny Plaintiff's motion and grant the Commissioner's motion. Plaintiff timely filed her Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because Plaintiff's Objections lack merit, I will adopt Judge Ballou's R&R, with one minor modification.

        I.        STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Bird v. Comm'r of SSA,* 669 F.3d 337, 340 (4th Cir. 2012). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of

1

evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653. A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). Even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

Since the Plaintiff submitted additional evidence to the Appeals Council following the ALJ's decision, (R613), and the Appeals Council incorporated that evidence into the administrative record, (R2), this Court has included that evidence in its assessment of whether the Commissioner's decision is supported by substantial evidence. *See Wilkins v. Sec'y, Dep't of Health & Human Servs.,* 953 F.2d 93, 96 (4th Cir.1991).

## II.  ANALYSIS

Because Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case, I incorporate that portion of the R&R into this opinion. (*See* R&R at 2–3). By way of summary, Plaintiff applied for (and was denied) disability insurance benefits under the Social Security Act based on her lupus disease with antiphospholipid syndrome and chronic kidney disease. (R&R at 2–3 (citing, *e.g.*, R18, 24.)).[1] The ALJ concluded that Plaintiff is incapable of performing her past relevant work as a hospital cook but nonetheless maintains

---

[1]  The Court denotes citations to the administrative record as "R" followed by the page number.

the residual work capacity to perform a range of light work in a static environment. (R22–24; R&R at 3). Thus, the ALJ concluded that Plaintiff is not disabled. (*Id*.). Plaintiff requested that the Appeals Council review the ALJ's decision, but the Appeals Council denied her request for review. (R1–3; R&R at 3).

Plaintiff's single objection to the R&R concerns a letter issued by her treating physician, Dr. D. Nicole Deal, regarding Plaintiff's hand and finger deformities. The record includes, and the ALJ considered, Dr. Deal's treatment notes from her single consultation with Plaintiff. (R21, 570–74). The letter in question was written on January 27, 2016, six days after the ALJ's January 21, 2016 decision. (R21, 613). Plaintiff introduced the letter for the first time before the Appeals Council. (R21). In the letter, Dr. Deal repeats facts included in her treatment notes, including that Plaintiff had trouble "grasping," had been diagnosed with swan neck deformity of "each digit," and had been prescribed occupational therapy and splinting. (R613). The letter also states Dr. Deal's "medical opinion" that Plaintiff "will have some difficulty using her hands to perform work activities . . . secondary to discomfort and problems with range of motion and grip strength." (R613). Plaintiff contends that the R&R erroneously found that Dr. Deal's letter was not "new and material" evidence warranting remand to the ALJ. (Objections at 1; R&R at 13). Plaintiff argues that the letter constitutes new and material evidence because it contains a medical opinion not previously considered by the ALJ. (Objections at 2). The Court will first consider whether Dr. Deal's letter warrants remand, and will then consider whether substantial evidence supports the ALJ's decision.

A. **Whether Dr. Deal's Letter Necessitates Remand**

In the Fourth Circuit, a claimant "can only obtain a remand based on additional evidence submitted to the Appeals Council after the ALJ's decision if that evidence is new and material,"

3

and "relates to the period on or before the date of the ALJ's decision." *Dunn v. Colvin*, 973 F.Supp.2d 630, 642 (W.D.Va. 2013) (citing *Wilkins,* 953 F.2d at 96). [2] If the reviewing district court determines that remand is not warranted, the court must include "any new evidence in its review of the entire record" and determine "whether the Commissioner's decision is based on substantial evidence." *Id*. Here, Judge Ballou concluded, and the parties do not dispute, that Dr. Deal's letter relates to the period on or before the ALJ's decision on January 21, 2016. (R&R at 12).[3] Thus, in assessing whether remand is appropriate, the Court need address only whether the letter constitutes new and material evidence. The Court concludes that Dr. Deal's medical opinion is new but not material.

Evidence submitted for the first time to the Appeals Council is "new" if it is "not duplicative or cumulative." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011). The R&R determined that Dr. Deal's letter was not new because it was "duplicative of [her] treatment notes that the ALJ evaluated." (R&R at 12). To be sure, the majority of Dr. Deal's letter repeats

---

[2] Importantly, Plaintiff need not show "good cause" why she failed to present Dr. Deal's medical opinion to the ALJ pursuant to 42 U.S.C. § 405(g), which requires claimants to show "good cause for the failure to incorporate such [new] evidence into the record in a prior proceeding." A claimant need only satisfy § 405(g)'s "good cause" requirement where the new evidence in question is introduced for the first time to the district court, not where, as here, the evidence was first presented to, and incorporated into the record by, the Appeals Council. *See, e.g., Bird v. Comm'r of SSA*, 699 F.3d 337, 345 n.6 (4th Cir. 2012) (analyzing § 405(g)'s "good cause" requirement where plaintiff attached new VA examinations to district court complaint); *Duncan v. Astrue*, No. 1:09-cv-00042, 2010 WL 723710, at *18 (W.D. Va. Feb. 26, 2010) (noting that "various courts" have interpreted § 405(g)'s good cause requirement to apply only where evidence was not presented at either the "ALJ stage of review" or the "Appeals Council stage of review"); *Edwards v. Astrue*, No. 7:07-cv-00048, 2008 WL 474128, at *8 (W.D. Va. Feb. 20, 2008) (noting that § 405(g)'s "good cause" requirement "applies specifically to evidence not incorporated into the record by either the ALJ or the Appeals Council").

[3] Dr. Deal's medical opinion is based on her single consultation with Plaintiff on September 8, 2015, (R613), months before the ALJ's January 21, 2016 opinion. (R12). Thus, Dr. Deal's medical opinion does relate "to the period on or before the ALJ's decision." *Dunn*, 973 F. Supp. 2d at 642.

facts already presented in her treatment notes, which the ALJ considered and cited in her decision. (R&R at 12–13; R21, 613). For instance, Dr. Deal's letter noted that Plaintiff had trouble with grasping, had been diagnosed with swan neck deformity, and had been prescribed occupational therapy and splinting—all of which was included in her treatment notes and considered by the ALJ. (R21, 572, 613). However, as Plaintiff argues, "Dr. Deal's letter contains something that her prior letter does not," namely a medical opinion. (Objections at 2). Plaintiff is correct: Dr. Deal's treatment notes do not contain a medical opinion regarding Plaintiff's ability to perform work with her hands, (R570–74), and the ALJ did not discuss Dr. Deal's treatment notes in the section of her opinion assessing opinion evidence.[4] (R22–23). Accordingly, although much of Dr. Deal's letter is duplicative of facts already present in her treatment notes, a portion of the letter—the portion stating Dr. Deal's medical opinion—is new.

Evidence submitted for the first time to the Appeals Council is "material" if there is a "reasonable possibility" that it "would have changed the outcome" of the ALJ's decision. *Meyer*, 662 F.3d at 705 (quoting *Wilkins,* 953 F.2d at 96). In assessing materiality, the Court must ask whether the evidence at issue is "contradictory, presents material competing testimony, or calls into doubt any decision in the prior medical reports." *Dunn*, 973 F. Supp. 2d at 642. But the Court must take care not to overstep its bounds by deciding evidentiary conflicts reserved for the Commissioner. *See King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979) (remanding where supplemental material, if considered, "might reasonably" have resulted in a different decision); *Dunn*, 973 F. Supp. 2d at 642 ("[T]his Court is not to resolve conflicts in the evidence or re-

---

[4] The ALJ's discussion of "opinion evidence" was limited to analysis of two DDS assessments, Dr. Sana Khan's November 2014 opinion, the opinion of Plaintiff's "family medicine provider," and a statement by Dr. Manuel Peralta, Jr. (R22–23).

weigh that evidence—that is the province of the ALJ."). The Court finds that Dr. Deal's new letter is not material.

Considering the ALJ's underlying rationale, the Court is not persuaded that Dr. Deal's new medical opinion has any "reasonable possibility" of altering the ALJ's decision that Plaintiff could perform a range of light work in a static work environment. *Meyer*, 662 F.3d at 705. The ALJ reasoned that, although Plaintiff suffered from lupus-related impairments, Plaintiff's "statements concerning the intensity, persistence and limiting effects" of her "flare ups" were only "partially credible" and ultimately not supported by "treatment records," such as DDS assessments, statements from Plaintiff's doctor that "her lupus was stable," and other evidence suggesting that Plaintiff's symptoms could be managed through "routine and conservative treatment." (R21–22). In reaching this conclusion, the ALJ mentioned Plaintiff's swan neck deformity, (R21), as well as her complaints about "swelling, tightening, and pain in her hands," (R19). Thus, the ALJ's decision regarding Plaintiff's credibility and the severity of her lupus-related "flare ups" already factored in both the medical evidence of Plaintiff's swan neck deformity and the underlying factual basis for Dr. Deal's new medical opinion that Plaintiff may have "some difficulty using her hands to perform work activities." (R21, 613). Accordingly, Dr. Deal's new medical opinion does not present a "reasonable possibility" of altering the ALJ's decision. *Meyer*, 662 F.3d at 705.

Moreover, Dr. Deal's new medical opinion does not contradict other evidence in the record, present material competing testimony, or call into doubt any prior medical reports. Dr. Deal's statement that Plaintiff suffered from swan neck deformity and found grasping "difficult" and "painful" is consistent with other evidence in the record before the ALJ, including Dr. Deal's own treatment notes, (R572), DDS assessments that Plaintiff complained of trouble "using her

6

hands" and "decreased strength in [her] hands," (R57, 64), and reports from another treating physician, Dr. Omar Elkhamra, that Plaintiff suffered from hand contusion and swan neck deformity in several digits, (R469). Dr. Deal's medical opinion that Plaintiff may have "some difficulty using her hands to perform work activities" is also consistent with these same assessments in the record before the ALJ. (R613). Thus, Dr. Deal's letter is not contradictory, materially different from other testimony in the record, or in tension with prior medical reports. The Fourth Circuit has previously found new evidence from treating physicians material where, unlike the letter at issue here, the new evidence constituted the only "evidence specifically addressed" to the issue in question, *Wilkins,* 953 F.2d at 96, or the "only record evidence" from the treating physician in question. *Meyer*, 662 F.3d at 706. Given that the underlying facts conveyed in Dr. Deal's letter were already on the record and considered by the ALJ, (R21, 613), neither factual scenario is present here. The "mere existence of a new *opinion*" does not satisfy the materiality requirement where the new opinion is simply "based on the same underlying facts" already incorporated into the record. *Wooding v. Comm'r of SSA*, No. 4:10-cv-00006, 2010 WL 4261268, at *3 (W.D.Va. Oct. 29, 2010) (emphasis in original). Accordingly, the Court finds that Dr. Deal's letter is not material.

In sum, Dr. Deal's letter contains a new medical opinion, but this medical opinion is not material and does not warrant a remand. Thus, the Court will now consider whether the ALJ's initial decision that Plaintiff can perform light work in a static environment is supported by substantial evidence.

    **B.**    **Whether Substantial Evidence Supports the ALJ's Decision**

A reviewing court must uphold an ALJ's factual findings if they are supported by substantial evidence. Substantial evidence comprises "such relevant evidence as a reasonable

7

mind might accept as adequate to support a conclusion." *Dunn v. Colvin*, 973 F.Supp.2d 630, 638 (W.D. Va. 2013) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

Here, the ALJ's decision that Plaintiff could perform light work in a static environment was supported by substantial evidence. In reaching this conclusion, the ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects" of her lupus-related symptoms were only "partially credible." (R21). To support this assessment, the ALJ noted that Plaintiff's doctor "stated that her lupus was stable with medication and she reported doing well." (R22). The ALJ further noted medical evidence that Plaintiff's lupus-related manifestations of swan neck deformity, bilateral hand pain, face rashes, joint pain, and muscle spasms were all "treated conservatively" with medication. (R21–22). The ALJ also noted medical assessments showing "no impairment in [Plaintiff's] cognitive function, including attention, concentration, or memory," as well as assessments indicating that Plaintiff's speech had "returned to normal" after she "completed therapy for her [lupus-related] communication difficulties." (R22). Ultimately, the ALJ concluded that although Plaintiff did suffer from lupus-related impairments that prevented her from performing her past work as a hospital cook, Plaintiff's overall "treatment history simply does not support a finding" that she "could not maintain regular employment if limited to a static work environment." (R21–23).

The evidence cited by the ALJ permits a rationale inference that Plaintiff's condition did not limit her to a disabling extent, and reasonable minds could conclude, as the ALJ concluded, that Plaintiff's maladies and their effects were not as severe as reported. Accordingly,

8

substantial evidence supports the ALJ's conclusions.

### III. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an order overruling Plaintiff's objections (dkt. 20), adopting the R&R as modified by this opinion (dkt. 18), granting the Defendant's Motion for Summary Judgment (dkt. 16), denying Plaintiff's Motion for Summary Judgment (dkt. 14), and dismissing and striking this action from the active docket of the Court.

The Clerk of the Court is directed to send a certified copy of this opinion and the accompanying order to counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this __25th__ day of September, 2018.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE